UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARY DAVIS TRUCKING, LLC                                                                PLAINTIFF

v.                              No. 2:23-cv-2087

TLG OPERATIONS, LLC                                                                        DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant TLG Operations, LLC's ("TLG") motion for leave to amend pleadings (Doc. 19) and Plaintiff Mary Davis Trucking, LLC's ("MDT") response in opposition (Doc. 25). Also before the Court are TLG's motion to compel (Doc. 21) and brief in support (Doc. 22), MDT's response in opposition (Doc. 25), TLG's reply in support (Doc. 28), and MDT's surreply in opposition (Doc. 29). For the reasons given below, the motion for leave is DENIED, and the motion to compel is GRANTED IN PART AND DENIED IN PART.

**I.  Motion for Leave**

On June 1, 2023, MDT filed a complaint against TLG in the Crawford County Circuit Court, bringing various claims for breach of contract, breaches of implied warranties, and negligence. All these claims arose out of allegedly deficient work that TLG performed on the engine of a tractor that MDT had previously purchased from TLG. *See generally* Doc. 3. 29 days later, TLG removed the case to this Court, invoking our diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. 2. One week later, TLG filed an answer and counterclaim for breach of contract and related equitable claims, alleging that MDT had wrongly refused to pay for some of the work that TLG had performed on the tractor's engine. *See generally* Doc. 5. The case then proceeded uneventfully for more than half a year, until January 22, 2024, when TLG filed a motion seeking leave to amend its pleadings by adding certain new counterclaims. *See* Doc. 19.

1

The claims that TLG seeks to add concern separate vehicles and incidents from the one that is the subject of the initial pleadings. Specifically, TLG alleges that in 2019, it entered into a contract with MDT under which MDT agreed to make installment payments totaling $407,815.20 over five years to purchase two vehicles from TLG, and that around December 2023 MDT defaulted on this obligation. *See* Doc. 19-1, ¶¶ 10–23. To be clear, neither of these vehicles was the one on which TLG performed engine work as alleged in the original pleadings. TLG seeks to bring these new claims against not only MDT but also against Mary Davis, whom TLG alleges signed a guaranty for this installment contract. Mary Davis is not yet a party to this case, as she was not a party to any of the original claims in this matter. Further complicating things, TLG alleges that in May 2019 it assigned its rights under this contract to a different entity, PACCAR Financial Corp. ("PACCAR"), to which TLG paid off the remaining balance after MDT's December 2023 default.

Under Rule 15(a), once more than three weeks have passed from the completion of initial pleadings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, MDT has not consented to the amendment, so the decision is committed entirely to this Court's discretion. The Rule requires that "[t]he court should freely give leave when justice so requires." *Id.* However, there is "no absolute right to amend a pleading," and "[l]eave should be denied where there are compelling reasons such as undue delay . . . ." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation marks omitted). The Eighth Circuit has held that denial of a motion to amend is appropriate "where the issues raised by the proposed amendment involve[] different legal and factual issues from those in the original complaint." *See id.* (citing *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995). Such is the case here. The proposed amendments involve an entirely separate

2

transaction from the one that is the subject of the original claims in this case. They also would require joinder of at least one additional party. This would almost certainly necessitate additional discovery and further extensions of the dates and deadlines currently in place. Thus, granting the motion would prejudice MDT by delaying resolution of the claims brought in its complaint; while, by contrast, denying TLG's motion would not prejudice anyone because there is nothing preventing TLG from expeditiously filing a separate action to litigate this separate matter. Therefore, TLG's motion for leave to amend will be denied.

**II.     Motion to Compel**

On January 27, 2014, TLG filed a motion to compel production of certain documents responsive to previously issued requests for production ("RFPs"). Specifically, TLG's motion concerns the following requests from its second set of RFPs:

> **REQUEST NO. 6:**  Each document reflecting Mary Davis's financial profits and losses from the years 2018 – Present, including but not limited to financial statements and profit and loss statements.
>
> **REQUEST NO. 7:**  Each of Mary Davis's state and federal tax returns for the years 2018 – Present.

*See* Doc. 22-3, p. 4.  MDT's original response to Request No. 6 was "N/A," and its original response to Request No. 7 was that responsive documents would be "produced herewith"; however, no such responsive tax documents were in fact attached to those responses. *See* Doc. 22-4, p. 4.

MDT did not object to either of these requests, and the materials sought therein appear to be proper objects of discovery given the claims and defenses in this case. The Court gathers from the briefing on this motion that after the motion was filed, MDT eventually produced tax documents responsive to Request No. 7 for the years 2018 through 2022. Thus, it appears TLG's motion is largely moot as to this particular request. However, the Court observes that responsive

3

documents for the tax year 2023 have not been produced. MDT is ordered to produce documents for the tax year 2023 responsive to Request No. 7 if they exist. If MDT has not yet made its filings for tax year 2023, then the Court would remind MDT of its ongoing duty to supplement its discovery responses under Federal Rule of Civil Procedure 26(e)(1).

As for Request No. 6, it is unclear to the Court from the parties' briefing whether any responsive documents exist that have not already been produced. Obviously, the Court will not order production of documents that do not exist. But to whatever extent responsive documents exist which have not been produced, TLG is entitled to discover them. The Court sees that the parties have been engaged in negotiations about the production of voluminous documents responsive to certain other discovery requests, and is presently unsure as to what extent, if any, those negotiations may also encompass production of documents responsive to Request No. 6. The Court is reluctant to issue a ruling at this time as to Request No. 6 which may inadvertently impair the fruitfulness of those negotiations. So the Court will deny without prejudice TLG's motion as to Request No. 6, with instructions for the parties to continue their conferral, and particularly to clarify whether any responsive documents exist which have not already been produced. If this negotiation process ultimately does not resolve the dispute, then TLG may return to this Court and seek further relief as to Request No. 6.

**III.   Conclusion**

IT IS THEREFORE ORDERED that Defendant TLG Operations, LLC's motion for leave to amend pleadings (Doc. 19) is DENIED, and that TLG's motion to compel (Doc. 21) is GRANTED IN PART AND DENIED IN PART as described above.

IT IS SO ORDERED this 5th day of April, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE